UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENT C. NICHOLSON, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>TOSCO CORPORATION, a/k/a/ TOSCO REFINING CO., INC., foreign corporations, and INTALCO ALUMINUM CORPORATION, a foreign corporation,<br><br>Defendants. | No. C02-2441-JCC<br>No. C05-1181-JCC<br>No. C06-1220-JCC<br><br><br>ORDER |
| KENNETH N. EHLERS, *et al*.,<br><br>Plaintiffs,<br><br>vs.<br><br>CONOCOPHILLIPS, INC., a foreign corporation, and INTALCO ALUMINUM CORPORATION, a foreign corporation,<br><br>Defendants. | |
| JOHN J. VAN BUSKIRK, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>CONOCOPHILLIPS, INC., a foreign corporation, and INTALCO ALUMINUM CORPORATION, a foreign corporation,<br><br>Defendants. | |

This matter comes before the Court on the coordinated motions by Plaintiffs in the above-captioned cases for (1) consolidation of the three actions, (2) bifurcation of the *Nicholson* Plaintiffs' indemnification claim, and (3) alteration of the case schedule in *Van Buskirk et al. v. ConocoPhillips, Inc., et al.* (Dkt. Nos. 148, 50, 32.) The Court has carefully considered the motions, the Responses in opposition by Defendants ConocoPhillips, Inc. (Dkt. Nos. 152, 55, 36) and Intalco Aluminum Corporation (Dkt. Nos. 153, 57, 37), Plaintiffs' Reply (Dkt. Nos. 155, 59, 39), and the declarations and exhibits filed in support of those papers. Being fully advised, the Court has determined that oral argument is not necessary, and finds and rules as follows.

## I. BACKGROUND

Plaintiffs allege the following:

> Plaintiffs in all three actions all are or were (with one exception) owners of beachfront property located on the western side of Sandy Point peninsula. Sandy Point is located fifteen miles northwest of the city of Bellingham in Whatcom County, Washington, and juts about a mile into the Strait of Georgia. It also lies entirely within the exterior boundaries of the Lummi Indian Reservation.
>
> Defendants ConocoPhillips and Intalco each own an industrial pier along the Strait of Georgia northward of Sandy Point. . . . Plaintiffs contend that these piers, and their associated aprons/staging areas, have altered the shoreline and interfered with the natural littoral drift of sediment toward Sandy Point, which in turn has caused the beach on or adjacent to Plaintiffs' respective properties to waste away, erode, or avulse. Plaintiffs in all three cases have all accordingly sued Defendants for negligence and all are ultimately seeking the same relief, in particular the restoration of the beach on the west side of Sandy Point.
>
> *Van Buskirk* was filed in 2006 and is currently scheduled to go to trial in July. *Nicholson* and *Ehlers* were filed in 2002 and 2005, respectively, and are currently stayed pending the outcome of *United States v. Milner*, W.D. Wash. No. C01-0809, *appeals docketed*, Nos. 05-35802 and 05-36126 (9th Cir. Aug. 15, 2005 and Nov. 28, 2005). Milner is an action brought by by [sic] the United States on behalf of the Lummi Indian Tribe against the *Nicholson* plaintiffs. The United States has alleged that the *Nicholson* plaintiffs' bulkheads and other shore defense structures are trespassing on tidelands owned by the federal government in trust for the Lummi Tribe. Thus, in addition to restoration of the beach, the

*Nicholson* plaintiffs are seeking indemnification from ConocoPhillips and Intalco for costs and damages associated with the defense of *Milner*.

(Pls.' Mot. 2--3 (Dkt. Nos. 148, 50, 32).) Plaintiffs argue that the cases involve the same claims against the same defendants based on the same facts, and therefore, the cases should be consolidated. They also argue that if their request for consolidation is granted, then the Court should bifurcate the *Nicholson* Plaintiffs' indemnification claim because that claim is separable from Plaintiffs' negligence and injunctive relief claims and should remain stayed pending the outcome of *Milner*. Finally, even if the Court declines to consolidate the actions, Plaintiffs ask that the Court alter the case schedule in the *Van Buskirk* action to accommodate their expert witnesses' health issues and the replacement of co-counsel. Defendants oppose the requests for consolidation. The Court will examine each of these requests in turn, below.

**II.     DISCUSSION**

   A.  Consolidation

The Court may consolidate actions that "involve a common question of law or fact." FED. R. CIV. P. 42(a). The Federal Rules do not mandate that any cases be consolidated, however. Whether to consolidate is left to the district court's broad discretion. *See Investors Research Co. v. United States Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). The district court weighs, among other things, "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

Defendant ConocoPhillips argues that, while in the "broadest sense," these cases involve similarly situated plaintiffs, the factual differences amongst the cases are significant. (Resp. 2 (Dkt. Nos. 152, 55, 36).) In addition, Defendant argues that consolidation would cause jury confusion and unfair prejudice because (1) consolidation would add a dozen plaintiffs to an already complicated case, (2) consolidation would cause confusion over the statute of limitations

ORDER - 3
(C02-2441 JCC, C05-1181 JCC, C06-1220 JCC)

defenses, and (3) consolidation would cause confusion with respect to damages, which differ significantly amongst the Plaintiffs. (*Id*. at 7–10.) Defendant Intalco Aluminum Corporation raises similar arguments in opposition, also adding that the Court has already found the *Nicholson* and *Ehlers* negligence claims to be intertwined with the ultimate ruling in *Milner*. (Resp. 10 (Dkt. Nos. 153, 57, 37)).

The parties all appear to agree that the *Van Buskirk* case, alone, which involves approximately thirty plaintiffs, is complicated. (*See* Stephens Decl. ¶ 11 (Dkt. No. 51 at 4) (referring to "the sheer number of plaintiffs in the cases and technical complexity of the [*Van Buskirk*] case").) The Court anticipates that the *Van Buskirk* trial will involve a significant amount of time and is not persuaded that adding two cases to that trial will preserve judicial efficiency, especially if doing so would require the bifurcation of the indemnity claim in the *Nicholson* case. Defendants have described in detail the ways in which consolidation may cause jury confusion, and the Court weighs these concerns in its decision today. While the Court recognizes that there may be a risk of inconsistent adjudications if each of the separate cases is tried before a jury, the Court is unwilling to further complicate an already complex trial by consolidating these three cases.

B. Bifurcation

Plaintiffs' request for bifurcation of their indemnification claim in the *Nicholson* case is contingent upon the Court's granting of the motion to consolidate. As discussed above, the Court DENIES Plaintiffs' request to consolidate. Accordingly, Plaintiffs' request for bifurcation is DENIED as moot.

C. Alteration of the *Van Buskirk* Case Schedule

The Court finds good cause to continue the trial date based on the *Van Buskirk* Plaintiffs'

expert witnesses' health issues and Plaintiffs' need to find replacement co-counsel. In addition, it appears that Defendant ConocoPhillips does not oppose a continuance. (Resp. 1 (Dkt. Nos. 152, 55, 36).) Accordingly, the Court hereby vacates the July 6, 2009, trial date and SETS a new trial date of January 11, 2010, at 9:30 a.m.

**III. CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiffs' motions (Dkt. Nos. 148, 50, 32) as follows:

(1) Plaintiffs' request for consolidation of the three actions is DENIED;

(2) Plaintiffs' request for bifurcation is DENIED as moot; and

(3) The Court vacates the July 6, 2009, trial date and SETS a new trial date of January 11, 2010, at 9:30 a.m. Proposed voir dire, jury instructions, and trial briefs are due by January 7, 2010. The pretrial order is due by December 31, 2009.

DATED this 2nd day of April, 2009.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER - 5
(C02-2441 JCC, C05-1181 JCC, C06-1220 JCC)